804 F.2d 1066
 Jon P. CUNNINGHAM, dba The Jag Shop and Seiler Enterprises,
Inc., dba Mike & Lou's Auto Body, Louis Seiler,
President; Mollie Seiler; Secretary
and Robert Methany, Manager, Appellees,
v.
CITY OF OVERLAND, STATE OF MISSOURI; Robert L. Dody,
individually and officially as alderman; Tom P. Healey,
individually and official capacity as alderman; Jean
McCandless, individually and official capacity as alderman;
and Nanette Sharp, individually and official capacity as
alderman, Appellants.
Jon P. CUNNINGHAM, d/b/a The Jag Shop and Seiler
Enterprises, Inc., d/b/a Mike & Lou's Auto Body, Appellant,
Louis Seiler, President; Mollie Seiler, Secretary; Robert
Methany, Manager
v.
CITY OF OVERLAND, STATE OF MISSOURI; Board of Aldermen,
City of Overland, Missouri; Robert L. Dody, individually
and official capacity as alderman; Tom P. Healey,
individually and official capacity as alderman; William C.
Hohman, individually and official capacity as alderman;
Nanette Sharp, individually and official capacity as
alderman; Michael C. Emmendorfer, official capacity as
alderman; Mark Brown, official capacity as alderman;
Robert Thousand, official capacity as alderman; Norman
Myers, official capacity as Mayor of City of Overland,
Missouri, Appellees.
 Nos. 86-1197, 86-1266.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 8, 1986.
Decided Nov. 14, 1986.
 
 Eugene Buckley, St. Louis, Mo., for appellants.
 David P. Oetting, Clayton, Mo., for appellees.
 Before LAY, Chief Judge, and HEANEY and BOWMAN, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Plaintiffs/appellees John P. Cunningham d/b/a The Jag Shop (Cunningham) and Seiler Enterprises, Inc., d/b/a Mike & Lou's Auto Body (Seiler Enterprises) brought this action under 42 U.S.C. Sec. 1983, against the City of Overland, Missouri, and certain individual members of the Overland Board of Aldermen (collectively referred to as appellants). Cunningham and Seiler Enterprises allege constitutional violations of their rights to substantive due process occurred when the Board of Aldermen (Board) denied their application for a merchant's license to do business at property Cunningham and Seiler Enterprises were under contract to purchase.
 
 
 2
 A jury returned a verdict for Cunningham and Seiler in the amount of $125,000 in actual damages and punitive damages in the following amounts against individual Board members: Jean McCandless, $25,000; Thomas Healey, $12,500; Robert Dody, $7,500; and Nanette Sharp, $5,000. The district court conditioned its denial of the Board's motions for judgment notwithstanding the verdict and a new trial on acceptance by Cunningham and Seiler Enterprises of a remittitur of actual damages to $104,599 and punitive damages to $5,000 against Jean McCandless, $1,500 against Robert L. Dody, $2,500 against Thomas Healey, and $1,000 against Nanette Sharp. Cunningham and Seiler Enterprises accepted the remittitur under protest. The district court entered judgment against the appellants. We affirm.
 
 
 3
 Cunningham owned a foreign auto repair shop and Seiler Enterprises a body repair shop. They shared rented space in a building on 9570 Page Avenue (Page Avenue property) in Overland, Missouri. In the summer of 1983, Cunningham and Seiler Enterprises, after learning that the Page Avenue property was to be sold, became interested in purchasing a building at 1901 Brown Road (Brown Road property), located about one mile from the Page Avenue property. The Brown Road property had 7,200 square feet of space as opposed to the Page Avenue property's 3,900. On July 26, 1983, Cunningham and Seiler Enterprises entered into a contract to purchase the Brown Road property for $92,500 from its owner, James Callahan. The purchase was contingent upon Cunningham and Seiler Enterprises securing a merchant's license from the City of Overland before August 15, 1983.
 
 
 4
 On August 1, 1983, Cunningham and Seiler Enterprises were notified that they should appear before the Board on August 8, 1983, at which time their application for a merchant's license would be considered. At the board meeting, Alan Spetner also appeared with a request for a merchant's license for the Brown Road property. At that time, Spetner had made an offer to purchase the Brown Road property and had discussed with Callahan the possibility of the sale if Cunningham's and Seiler Enterprises' contract failed. Spetner intended to operate a business by the name of Sports Energizers which printed letters and designs on t-shirts and sportswear.
 
 
 5
 After a lengthy and sometimes heated debate involving Board members and Overland citizens, the Board voted five to three to deny the merchant's license application of Cunningham and Seiler Enterprises. Shortly thereafter, Cunningham and Seiler Enterprises filed a petition for review in a Missouri Circuit Court seeking reversal of the Board's action and a writ of mandamus ordering the Board to issue a merchant's license to Cunningham and Seiler Enterprises for the Brown Road property. On April 4, 1984, the circuit court held that the merchant's license had been wrongfully withheld.[1] The decision came too late, however, to save Cunningham's and Seiler Enterprises' contract because August 15, 1983, was the last day on which the contract could be cancelled under its merchant's license contingency. Thus, by the time the circuit court issued its decision, Cunningham and Seiler Enterprises had canceled their contract.
 
 
 6
 Upon cancellation of the contract by Cunningham and Seiler Enterprises, Spetner obtained a merchant's license to the Brown Road property and purchased it. Meanwhile, Cunningham and Seiler Enterprises purchased the Page Avenue property for $90,000.
 
 
 7
 On February 17, 1984, Cunningham and Seiler Enterprises brought the present action in federal district court. They alleged that their rights to substantive due process were violated by the city's denial of their application for a merchant's license to operate their business on the Brown Road property.
 
 
 8
 Since Littlefield v. City of Afton, 785 F.2d 596 (8th Cir.1986), it has been clear in this Circuit that applicants for building permits state substantive due process claims if they allege the governing authorities capriciously and arbitrarily impose an unconstitutional condition on the granting of a permit. Id. at 607. It is established in this case that the zoning regulations of the City of Overland permitted Cunningham and Seiler Enterprises to operate an auto repair and auto body shop at the Brown Road property. See Cunningham, 691 S.W.2d at 464 (holding the Board's denial of the use for an auto repair shop in an industrial district in this matter was "unreasonable and oppressive"). Cunningham and Seiler Enterprises also offered evidence establishing that once an applicant for a merchant's license complied with the proper procedures under Missouri law and Overland ordinances, that merchant's license should be and had been customarily granted as a matter of course by the City of Overland.
 
 
 9
 The merchant's license in this case is no different from the building permit in Littlefield in that the Board arbitrarily and capriciously placed an unconstitutional burden on Cunningham's and Seiler Enterprises' application for the merchant's license. Therefore, Cunningham and Seiler Enterprises had a substantive due process interest in that license which was violated.
 
 
 10
 Although the appellants do not directly assert the qualified immunity defense on appeal, it is apparent that no immunity should be available to the appellants in this case. The city attorney told the members of the Board before they voted that the "City has no grounds upon which they are legally entitled to turn [the license] down." This uncontested statement, along with numerous others, unequivocally informed the Board that it would be violating clearly established law by denying the merchant's license. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
 
 DAMAGES
 
 11
 In a section 1983 action, both compensatory and punitive damages are available upon proper proof. Memphis Community School District v. Stachura, 477 U.S. ----, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). The principles governing the propriety of compensatory and punitive damages under section 1983 are derived from the common law. Id. 477 U.S. at ----, 106 S.Ct. at 2542, 91 L.Ed.2d at 258. Generally, compensatory damages should attempt to place the plaintiff in a position similar to the one she or he would have been in had the violation not occurred. Id. 477 U.S. at ----, 106 S.Ct. at 2542-44, 91 L.Ed.2d at 258-59. Punitive damages, on the other hand, are awarded for the purpose of "punish[ing] the defendant for his willful or malicious conduct and to deter others from similar behavior." Id. 477 U.S. at ---- n. 9, 106 S.Ct. at 2542 n. 9, 91 L.Ed.2d at 258 n. 9 (citations omitted).
 
 
 12
 The appellants challenge the amounts of the compensatory and punitive damages arrived at after the district court's remittitur.[2] Because the appellants presented this issue in their motions for a new trial and judgment notwithstanding the verdict, it is preserved on appeal. Hollins v. Powell, 773 F.2d 191, 197 (8th Cir.1985).
 
 
 13
 Review of a verdict for excessiveness is generally an issue for the trial court. An appellate court should review the award only when the amount creates plain injustice or a monstrous or shocking result. Id. at 197 (citations omitted). In the instant matter, no such result is apparent.[3]
 
 
 14
 First, the appellants argue that the jury improperly based part of its award on rental payments totaling $14,341 made by Cunningham and Seiler Enterprises for occupancy of the Page Avenue property from August 15, 1983, until it was purchased. According to the appellants, Cunningham and Seiler Enterprises would have had to make payments on a loan even if they had been able to purchase the Brown Road property. This argument, however, ignores that a loan payment would provide Cunningham and Seiler Enterprises with an equity interest in the property. A reasonable jury could have inferred from the evidence that the rental payments for the occupancy of the Page Avenue property after August 15 were qualitatively different from the loan payments that would have been made for the Brown Road property and cost Cunningham and Seiler Enterprises an additional $14,341.
 
 
 15
 Second, the appellants dispute the district court's holding that $82,500 of the award was reasonable compensation for the lesser amount of space in the Page Avenue property. According to the appellants, Cunningham and Seiler Enterprises failed to offer evidence showing that the Page Avenue property was actually worth $82,500 less than the Brown Road property because it had less space. Thus, the appellants argue the award based on the difference in square footage overcompensates Cunningham and Seiler Enterprises.
 
 
 16
 Contrary to appellants' claim, Cunningham and Seiler Enterprises did offer evidence that the Brown Road property was worth $82,500 more to them than the Page Avenue property. Both Cunningham and Robert Methany, Seiler Enterprises' manager, testified that a primary reason for attempting to purchase the Brown Road property was the additional space it had. They testified that the Page Avenue property was too small for the indoor storage of the automobiles they worked on. The Brown Road property had additional storage space of 3,300 square feet. Cunningham and Seiler Enterprises offered uncontested evidence that adding 3,300 square feet of space to the Page Avenue building would add $82,500 to their costs. Therefore, a jury could reasonably infer that $82,500 would be the amount needed to make the Page Avenue Property comparable in value to the Brown Road property. Moreover, the appellants offered no evidence to dispute this valuation.
 
 
 17
 A more precise calculation of damages might have accounted for other elements of value such as location, relative quality of the structures, and fitness of the buildings for automobile repair and body work. However, absolute precision is not required in ascertaining the amount of damages in a tort or contract action once liability has been established. See, e.g., Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 561-566, 51 S.Ct. 248, 250-252, 75 L.Ed. 544 (1931) (violation of federal antitrust law); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (violation of Federal Fair Labor Standards Act); Clements Auto Co. v. Service Bureau Corp., 444 F.2d 169, 190 (8th Cir.1971) (common law fraud action); Brinks, Inc. v. Hoyt, 179 F.2d 355, 360 (8th Cir.1950) (breach of employment contract). Moreover, the appellants had the opportunity to offer evidence that the damages were less than those claimed. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. at 680, 66 S.Ct. at 1187. The appellants here failed to offer evidence establishing with any certainty the propriety of a lesser award.
 
 
 18
 In regard to the awards of punitive damages, the appellants assert that there is no evidence of the Board members' "evil intent" justifying an award of punitive damages. In Memphis Community School District, 477 U.S. at ---- n. 9, 106 S.Ct. at 2542 n. 9, 91 L.Ed.2d at 258 n. 9 (citations omitted), the Supreme Court stated that punitive damages should be awarded with the purpose of "punish[ing] the defendant for his willful or malicious conduct and to deter others from similar behavior." The focus thus is on the intent of the tortfeasor. Id. 477 U.S. at ---- n. 9, 106 S.Ct. at 2542 n. 9, 91 L.Ed.2d at 258 n. 9 (citing Smith v. Wade, 461 U.S. 30, 50, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632 (1983)).
 
 
 19
 In this case, sufficient evidence was offered showing willful violation by the appellants of the rights of Cunningham and Seiler Enterprises. An audiotape of the August 8, 1983, Board meeting was played to the jury at trial. It revealed that the city attorney repeatedly cautioned the Board against denying Cunningham and Seiler Enterprises a merchant's license. The attorney, for example, advised that if such action were taken, this would be "the perfect case where you're liable to get sued." Before the vote of the Board, the mayor stated "remember the remarks that Mr. Selner [the city attorney] said, if you disallow this thing your leaving yourself open for a lawsuit." From the audiotape it is apparent that the appellants acted without legitimate reason in blatant disregard of the city attorney's legal judgment in denying Cunningham and Seiler Enterprises a merchant's license. Furthermore, Cunningham and Seiler Enterprises offered evidence that alderperson Jean McCandless had been aiding Spetner in his search for a new building; that McCandless had advised Spetner to come to the August 8, 1983, Board meeting; and that Board members McCandless and Robert Dody and the City of Overland did business with Spetner. A jury could reasonably infer from this evidence that the appellants who voted to deny the merchant's license acted in wanton disregard of Cunningham's and Seiler Enterprises' rights and voted as they did in their own self-interest.
 
 ATTORNEY FEES
 
 20
 The district court awarded the attorneys for Cunningham and Seiler Enterprises a total of $53,618 for fees under 42 U.S.C. Sec. 1988. This award included $46,842 for work performed through trial, at a rate of $90 an hour for the attorneys and $24 an hour for the law clerk. The court also awarded $6,776 for post-trial work from the date of judgment until the petition for review in this Court was filed. The district court set the hourly rate for post-trial work at $60 for the attorneys and at $24 for the law clerk.
 
 
 21
 In determining a proper section 1988 attorneys' fees award, a court should multiply "the product of reasonable hours times a reasonable rate." Hensley v. Eckhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Shakopee Mdewakanton Sioux v. City of Prior Lake, 771 F.2d 1153 (8th Cir.1985). The appellants claim the hourly rate of $90 for work performed through the trial is excessive because the figure is not based on the prevailing market rate for lawyers of similar skill and experience in the community. See Blum v. Stenson, 465 U.S. 886, 896-98, 104 S.Ct. 1541, 1547-49, 79 L.Ed.2d 891 (1984). The appellants, however, offer no evidence that the district court erred after considering Cunningham's and Seiler Enterprises' attorneys' claim in setting the $90 hourly rate. The appellants' evidence of hourly rates of insurance defense attorneys, of plaintiffs' attorneys with contingency fees, and of attorneys' fees from cases over five years old, does not show the district court abused its discretion.
 
 
 22
 As to the rate of the attorneys' post-trial work, the district court's setting of a $60 hourly fee was reasonable in light of this being out-of-court time which could command a lesser fee. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974) (cited with approval in Blum v. Stenson, 465 U.S. 886, 898 n. 13, 104 S.Ct. 1541, 897 n. 13, 79 L.Ed.2d 891 (1984)).
 
 
 23
 In accord with this opinion, the judgment and the order of the district court are hereby affirmed.
 
 
 
 [1]
 The decision was affirmed on appeal. See Cunningham v. Board of Aldermen of the City of Overland, 691 S.W.2d 464 (Mo.Ct.App.1985)
 
 
 [2]
 On cross-appeal, Cunningham and Seiler Enterprises dispute the propriety of the district court's remittitur. However, Cunningham and Seiler Enterprises agreed to the remittitur in exchange for the court's denial of defendant's motion for a new trial. Where such acceptance has been made, a plaintiff cannot challenge it on appeal. Donovan v. Penn Shipping Co., Inc., 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977)
 
 
 [3]
 In reducing the original award from $125,000 to $104,599, the district court considered the following as costs the jury could have reasonably considered: $10,178 for attorneys' fees and court costs in the state court case; $80 for an inspection of the Brown Road property; $14,341 for rental payments for the Page Avenue property from August 15, 1983, until the purchase of the Page Avenue property; and $82,500 for the value of an addition of 3,300 square feet of space to the Page Avenue property. (The actual cost for an addition would be $85,000 but the judge subtracted $2,500 because the Page Avenue property originally was purchased for $2,500 less than the Brown Road property could have been purchased for.)
 The appellants do not contest the damages reflecting costs to Cunningham and Seiler Enterprises for the state appeal, $10,178, or the cost of the inspection, $80.