**CHESTERFIELD DEVELOPMENT, CORP., a Missouri Corporation, Plaintiff,**

v.

**CITY OF CHESTERFIELD, et al., Defendants.**

No. 89–1554–C–7.

United States District Court, E.D. Missouri.

March 13, 1991.

Weier, Hockensmith & Sherby, Thomas M. Utterback, William A. Hellmich, St. Louis, Mo., for plaintiff.

Beach, Burcke and Mooney, Douglas R. Beach, Clayton, Mo., for defendants.

John J. Horgan, Moser & Marsalek, St. Louis, Mo., for Douglas R. Beach.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court on Defendant City of Chesterfield's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 247, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.* at 256, 106 S.Ct. at 2514.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving

party, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510.

Defendant's motion for summary judgment is based on its contention that Plaintiff is without standing to bring this action, that Plaintiff is not a real party in interest as required by Federal Rule of Civil Procedure 17, and that the owners of the property are indispensable to the litigation and are not joined as parties. Defendant's legal argument deals almost exclusively with the standing issue.

Plaintiff's claim is based on 42 U.S.C. § 1983. Federal rules of standing govern the determination of standing in this case. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 262 n. 8, 97 S.Ct. 555, 561 n. 8, 50 L.Ed.2d 450 (1977). The question of standing is whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). In *Association of Data Processing Serv. Orgs. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) the Supreme Court set forth a two-part test requiring injury in fact and that the interest sought to be protected by the plaintiff be arguably within the zone of interests to be protected or regulated by the statute or constitutional provision in question. The Plaintiff must allege a distinct and palpable injury to himself. *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206. The Plaintiff must have "alleged such a personal stake in the outcome of the controversy" as to warrant Plaintiff's invocation of federal jurisdiction.

*Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Plaintiff must show that the injury is caused by the legal violation complained of and that the injury is redressable by the legal remedy sought in the complaint. *Warth,* 422 U.S. at 499, 95 S.Ct. at 2205; *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). Furthermore, the Supreme Court has held that generalized grievances shared by all or a large class of citizens do not warrant exercise of jurisdiction. *Warth,* 422 U.S. at 499, 95 S.Ct. at 2205. Nor will there be standing if Plaintiff's claim rests entirely on the legal rights or interests of third parties. *Id.*

The Plaintiff in this case entered into a contract for the purchase of real property in the City of Chesterfield. The contract was conditioned on obtaining commercial zoning.[1] Plaintiff alleges in its complaint that it was injured by the denial of its petition for rezoning. It is not necessary or appropriate to address the merits of the claim to determine if Plaintiff has standing to proceed.

Defendants contend that the conditional clause that allowed the purchaser to use his sole judgment to determine if the rezoning is acceptable for the proposed development makes the contract unenforceable. Therefore, Defendants argue that Plaintiff does not have a legally protectable interest and has never had legal standing to bring this cause of action. They contend that under Missouri law a person must show that he has a vested property interest that has or will be adversely affected by the existence of enforcement of a zoning re-

---

1. Under a section entitled "Special Agreements" the contract provided as follows:

    1. This Sale Contract is conditioned upon satisfaction of the following terms and provisions:

    \*   \*   \*   \*   \*   \*

    (b) *Zoning*—Purchaser's obtaining on or before six (6) months from the date of Seller's acceptance of Contract of the final, lawful, rezoning of property to commercial zoning classification suitable, in Purchaser's sole judgment, to Purchaser's intended development, failing which Contract to be deemed

cancelled and Earnest Deposit (exclusive of monthly payments provided for under Paragraph 9 hereof) to be refunded; if on the last day of such rezoning period, rezoning is in process, but has not been finally enacted, Purchaser to have right to extend period for obtaining zoning (and, accordingly, the date for closing) for an additional seventy-five (75) days by depositing with Escrowee and additional Five Thousand Dollars ($5,000.00) Earnest Deposit, the purchase price to be then deemed increased by such amount.

striction. While this may be the requirement for standing in Missouri state courts, it is not necessary to address it here. Federal courts have recognized the standing of developers with contracts contingent on acquiring rezoning or building permits to challenge government action concerning the rezoning or issuing of permits. *See Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (holding nonprofit developer with contract contingent on rezoning had standing to contest rezoning denial, developer having suffered economic injury based upon expenditures made in support of its rezoning petition); *Cunningham v. City of Overland,* 804 F.2d 1066 (8th Cir.1986) (holding purchasers with contract contingent upon securing merchant's license had standing to challenge denial of license); *Park View Heights Corp. v. Black Jack,* 467 F.2d 1208 (8th Cir.1972) (holding not-for-profit developer who had expended seed money and time and energy planning development had standing to raise violations of constitutional rights). Clearly, under federal standing law a Plaintiff challenging the constitutionality of rezoning procedures and decisions who has only a sales contract contingent on rezoning has standing to raise violations of the constitution.

■ Defendant further attacks Plaintiff's standing on the grounds that Plaintiff did not have an enforceable contract based on the right of Plaintiff/Purchaser to determine if the zoning classification was suitable in purchaser's sole judgment. Defendant contends the contract could not be enforced by the sellers of the property. In *Skelly Oil Company v. Ashmore,* 365 S.W.2d 582 (Mo. banc 1963) the Missouri Supreme Court held that a contract which authorized the purchaser to withdraw its acceptance if "the purchaser be unable to secure the proper licenses, consents, or permits for the erection, maintenance and operation of a service station of a type and

according to a ground plan of its choice on the premises" was a mutually enforceable contract of sale. *Skelly Oil Co.,* 365 S.W.2d at 586. The Court stated that "the purchaser could not act arbitrarily, capriciously or in bad faith in invoking said provisions of the contract." Likewise in the present case, the contingency provisions allowing the purchaser to determine if rezoning meets its development needs do not render this contract unenforceable.

Further, Defendants point out that the Sale Contract expired December 2, 1990. Plaintiff's claim for monetary damages are not dependent on extension of the sales contract. *See Cunningham,* 804 F.2d at 1069.

■ However, Plaintiff's complaint fails to state a claim for denial of substantive due process upon which relief may be granted. Whether a substantive due process claim may arise from a denial of a zoning application is an open question in this circuit. *Lemke v. Cass County,* 846 F.2d 469, 470–71 (8th Cir.1987). In *Hope Baptist Church v. City of Bellefontaine Neighbors,* 655 F.Supp. 1216, 1219–20 (E.D. Mo.1987) this court followed the reasoning in *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1982) in which the First Circuit held that conventional zoning allegations of arbitrariness, even when based upon violations of state law, do not rise to the level of substantive due process. A number of Circuits and other district courts have followed the First Circuit in this holding.[2]

Plaintiff contends his claim is not based on the conventional land use decision that *Creative Environments* and *Hope Baptist Church* held did not rise to the level of a section 1983 claim. Plaintiff bases its claim on Defendants' failure to comply with the enabling statute. § .89.070 R.S.Mo. Plaintiff asserts Defendants had no authority to deny its petition for rezon-

**2.** *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461 (7th Cir.1988); *Silverman v. Barry,* 845 F.2d 1072, 1079 (D.C.Cir.1988) (dictum); *Burrell v. City of Kankakee,* 815 F.2d 1127 (7th Cir.1987); *Hynes v. Pasco County,* 801 F.2d 1269 (11th Cir.1986); *Smith v. City of Picayune,* 795 F.2d 482 (5th Cir.1986); *Dean Tarry Corp. v. Friedlander,* 650 F.Supp. 1544 (S.D.N.Y.1987); *Corder v. City of Sherwood,* 579 F.Supp. 1042 (D.Ark.1984).

**1312**

ing, nor the authority to require such a petition.

The First Circuit addressed a similar situation in *Chiplin Enterprises v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983) in which section 504 of the city zoning ordinance calling for site plan review was outside the scope of the state's enabling statute. *Chiplin,* 712 F.2d at 1525. As in the present case, the city acted outside its authority in denying the application. The First Circuit viewed the claim as essentially identical to that rejected in *Creative Environments. Id.* at 1527. Quoting from *Creative Environments,* the Court noted that "property is not denied without due process simply because a local planning board ... makes demands which arguably exceed its authority under the relevant state statutes." *Id., quoting, Creative Environments,* 680 F.2d at 832 n. 9.

Plaintiff also asserts its claim rises to the level of substantive due process because the denial was motivated by racial animus, personal bias, and political expediency. While an allegation of racial bias against Plaintiff in denying the rezoning application would rise to the level of a constitutional question, Plaintiff's complaint does not allege such bias. Instead, Plaintiff complains that another commercial project was permitted and that differential treatment of the two projects was arbitrary. This is a typical land use denial complaint.

Plaintiff was afforded two public hearings. Plaintiff does not allege procedural due process violations. Dissatisfaction with a zoning decision and the allegations of Plaintiff's complaint are best considered by state courts.

Plaintiff has failed to state a claim upon which relief can be granted. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment GRANTED.

IT IS FURTHER ORDERED that all other pending motions, including Defendants' motion for summary judgment filed April 20, 1990; Plaintiff's motion to add Douglas Beach as an additional party filed June 7, 1990; Plaintiff's request to amend its complaint by interlineation filed June 7, 1990; Plaintiff's motion for partial summary judgment on the pleadings filed August 27, 1990, are DENIED as moot.