**John F. LEMKE, as Personal Representative of Estate of Paul Lemke, Deceased, Community Refuse Disposal, Inc., and Francis Neitzel, Appellants,**

v.

**CASS COUNTY, NEBRASKA; Russell Nielsen; Roger Wehrbein and Martin Zoz, Individually and as Members of the Board of Commissioners of the County of Cass, and State of Nebraska, Appellees.**

No. 85–1139.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1986.

Decided Feb. 4, 1987.[*]

* Originally issued as an unpublished decision at     815 F.2d 711.

Before LAY, Chief Judge, HEANEY, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN and MAGILL, Circuit Judges, En Banc.

PER CURIAM.

Paul Lemke, Frances H. Neitzel, and Community Refuse Disposal, Inc., brought this action under 42 U.S.C. § 1983 (1982), claiming that the Board of Commissioners of Cass County, Nebraska, in reversing its earlier zoning decision granting a permit to Lemke, Neitzel, and Community Refuse to operate a landfill, deprived them of property without due process of law. The district court,[1] adopting a recommendation of the magistrate, held that the state law procedures satisfied due process and granted summary judgment for the Board. On appeal, Lemke, Neitzel, and Community Refuse argue that a substantive due process claim arises from the Board's reversal of its decision. We affirm the judgment of the district court.

Lemke and Nietzel leased real estate located in Cass County, Nebraska, to Community Refuse to operate a landfill for solid waste. They obtained an opinion

from the Cass County Zoning Administrator that such use of the property would not require a change from existing agricultural zoning. The Cass County Board of Commissioners ultimately approved the use of the site as a landfill and, after complaints from adjoining landowners, conducted a second hearing in which the Board reaffirmed its earlier approval.

Omaha Fish & Wildlife Club, Inc., the owner of some nearby real estate, initiated litigation that resulted in a determination that the use of land as a solid waste landfill was improper under agricultural zoning. *Omaha Fish & Wildlife Club, Inc. v. Community Refuse, Inc.*, 208 Neb. 110, 302 N.W.2d 379 (1981). Lemke, Neitzel, and Community Refuse applied to the Board for a zoning change from agricultural to industrial. The Board denied the application.

Lemke, Neitzel, and Community Refuse then brought this action claiming that the Board's denial of the rezoning application was illegal, void, unreasonable, arbitrary and capricious, and deprived them of property without due process of law. After the district court entered summary judgment in favor of the Board, finding that due process was in fact afforded the appellants through the availability of state law procedures, a panel of this court heard argument. The panel called for rehearing by the court en banc to consider whether a substantive due process claim had been presented and whether our decision in *Littlefield v. City of Afton*, 785 F.2d 596 (8th Cir.1986), required reversal.[2] The case was then heard by this court en banc.

We conclude from the record in this case, and the briefs and arguments of counsel before this court en banc, that there was no error in the judgment of the district court. Whether a substantive due process claim may arise from a denial of a zoning permit is an open question in this circuit

---

1. The late Albert G. Shatz, United States District Judge for the District of Nebraska.

2. The district court relied in part on *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982), in determining that the appellants suffered no due process violation. Our decision in *Littlefield* declines to follow *Creative Environments*. *Littlefield*, 785 F.2d at 604–06.

and need not be decided in this case. The judgment of the district court is affirmed.

ARNOLD, Circuit Judge, concurring, with whom ROSS, JOHN R. GIBSON, FAGG and BOWMAN, Circuit Judges, joins.

I join the Court's opinion, but desire to add a few words regarding the use of the concept of substantive due process in cases like this one.

The complaint alleges that the defendants' decision not to approve a zoning change from agricultural to industrial has deprived plaintiffs of their property without due process of law. The allegation is based not on any procedural deficiency in the State's zoning scheme, but rather on the substantive decision itself. This decision, the complaint alleges, was arbitrary and capricious, and therefore violated what courts have come to call "substantive due process."

The term "substantive due process" is, as a majority of this Court has previously observed, "an oxymoron if there ever was one." *United States v. Fitzgerald*, 724 F.2d 633, 639 (8th Cir.1983) (en banc) (Arnold, J., concurring, joined by Ross, John R. Gibson, Fagg, and Bowman, JJ.) (internal quotation omitted), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984). The doctrine is a linguistic monstrosity, if not a legal one. It takes a clause of the Fourteenth Amendment that quite clearly states that one can be deprived of his or her property, so long as due process is observed, and converts it into a command that, in some difficult-to-define circumstances, property cannot be taken at all, no matter what process is observed. Yet, it is too late in the day to deny that the doctrine exists. Just last Term, the Supreme Court, speaking through Mr. Justice (now Chief Justice) Rehnquist, reiterated that the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them...." *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).

Accepting, then, that there is such a thing as substantive due process, we must decide what the limits of the concept should be, particularly in cases of zoning decisions, which occur thousands of times every day in this country. I start with the proposition that the concept should be strictly limited. We judges must be vigilant against the very real human tendency to expand power, to use general constitutional phrases to write into law our own policy preferences or ideas of fairness. This is the very tendency that gave us *Lochner v. New York*, 198 U.S. 45, 25 S.Ct. 539, 49 L.Ed. 937 (1905), and all the rest of the multitude of cases that for decades prevented the people's elected representatives from regulating economic affairs as they saw fit. For me the words of Mr. Justice Black are apt in the present context:

I repeat so as not to be misunderstood that this Court does have power, which it should exercise, to hold laws unconstitutional where they are forbidden by the Federal Constitution. My point is that there is no provision of the Constitution which either expressly or impliedly vests power in this Court to sit as a supervisory agency over acts of duly constituted legislative bodies and set aside their laws because of the Court's belief that the legislative policies adopted are unreasonable, unwise, arbitrary, capricious or irrational. The adoption of such a loose, flexible, uncontrolled standard for holding laws unconstitutional, if ever it is finally achieved, will amount to a great unconstitutional shift of power to the courts which I believe and am constrained to say will be bad for the courts and worse for the country. Subjecting federal and state laws to such an unrestrained and unrestrainable judicial control as to the wisdom of legislative enactments would, I fear, jeopardize the separation of governmental powers that the Framers set up and at the same time threaten to take away much of the power of States to govern themselves which the Constitution plainly intended them to have.

*Griswold v. Connecticut,* 381 U.S. 479, 520–21, 85 S.Ct. 1678, 1701–02, 14 L.Ed.2d 510 (1965) (dissenting opinion) (footnote omitted).

If this view has not prevailed, and the quotation just set out is, it must be conceded, from a dissenting opinion, it is at least a *caveat* that should give us pause when we come to flesh out what substantive due process means in particular cases.

I am not prepared to say, then, that a denial of a zoning application, or similar governmental permission, can *never* rise to the level of a substantive-due-process claim. Such claims should, however, be limited to the truly irrational—for example, a zoning board's decision made by flipping a coin, certainly an efficient method of decisionmaking, but one bearing no relationship whatever to the merits of the pending matter. Such a conservative (judicially speaking) reading of substantive due process would not leave the rights of property open to governmental depredation. They would still enjoy the protections of procedural due process, of the Equal Protection Clause, of the Contracts Clause, of the Just Compensation Clause, and of the other provisions of the Bill of Rights (*e.g.,* the First Amendment) that have been held applicable to the States.

This reading of substantive due process would exclude complaints like the present one—simple rote allegations that the zoning decision is arbitrary and capricious. Such a claim is easily made in every zoning case, and is the stuff of which state administrative law is made. The state courts are open to hear, and do hear, such claims routinely. I see no reason to read the Due Process Clause as a constitutionalized Administrative Procedure Act setting up the federal courts as a forum for the review of every run-of-the-mill land-use dispute. In the present case, plaintiffs' theory is that their application was denied "mostly because the citizens [of Cass County] were offended by the transporting of Omaha, Douglas County, garbage into [a] Cass County landfill...." Letter from counsel for appellants, pp. 1–2, March 21, 1986. That sort of xenophobic, anti-big-city moti-

vation could, I am sure, often be credibly charged as to land-use decisions. It may amount to arbitrary or capricious decision-making for purposes of state administrative law. It appears to be the kind of motivation that, if entertained by one State with respect to the citizens or products (even garbage) of another, would run afoul of the Commerce Clause. But it is far from irrational. I therefore agree that the District Court properly dismissed this complaint.

I recognize that this view apparently places me at odds with most of the circuits that have expressed a view, including our own opinion in *Littlefield v. City of Afton,* 785 F.2d 596, 603–07 (8th Cir.1986). *Littlefield* holds that federal courts may, under the rubric of substantive due process, consider whether actions of zoning commissions are " 'arbitrary and capricious, having no substantial relation to the general welfare.' " *Id.* at 607, quoting *South Gwinnett Venture v. Pruitt,* 491 F.2d 5, 7 (5th Cir.) (en banc), *cert. denied,* 416 U.S. 901, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974). *Littlefield* also implies that the "illegal denial of a building permit states a substantive due process claim under § 1983." 785 F.2d at 604. I find this reference to an "illegal" decision most disquieting. For it must mean that the violation of state law, or even of a county or city ordinance, in the making of a zoning or land-use decision, is a federal constitutional tort giving rise to an action under 42 U.S.C. § 1983. Such a rule would effectively destroy the distinction between state and federal law and turn the federal district courts into zoning boards of appeals. The *Littlefield* panel itself disavowed any such intention, 785 F.2d at 607, so perhaps I am reading that opinion too expansively.

The better approach, in my view, is stated in *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1982), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). There, the First Circuit declined to apply substantive due process to an ordinary zoning controversy, even though the decision challenged might

be alleged to be arbitrary, unreasonable, or a distortion of state law. *Creative Environments* holds that an arbitrary misapplication of state law is not the equivalent of a violation of the federal Constitution. In a passage quoted by the Magistrate[1] in this case, see *Lemke v. Cass County, Nebraska,* No. CV82-0-202, slip op. 7-8 (findings and recommendations filed November 20, 1984), the First Circuit said:

> Such a claim is too typical of the run of the mill dispute between a developer and a town planning agency, regardless of [plaintiff's] characterizations of it and of defendants' alleged mental status, to rise to the level of a due process violation. The authorities cited by [plaintiff], as well as other cases, all suggest that the conventional planning dispute—at least when not tainted with fundamental procedural irregularity, racial animus, or the like—which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the Constitution. This would be true even were planning officials to clearly violate, much less "distort" the state scheme under which they operate. A federal court, after all, "should not ... sit as a zoning board of appeals." *Village of Belle Terre v. Boraas,* 416 U.S. 1, 12, 94 S.Ct. 1536, 1542, 39 L.Ed.2d 797 (1974) (Marshall, J., dissenting). *Every* appeal by a disappointed developer from an adverse ruling by a local ... planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" and "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, "[t]he violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution." *Crocker v. Hakes,* 616 F.2d 237, 239 n. 2 (5th Cir.1980) (per curiam).

680 F.2d at 833 (emphasis in original) (footnote omitted).

To summarize: Conceding that there is such a thing as substantive due process under controlling Supreme Court precedent, I would hold that something more is required to state a claim than the allegation that a governmental decision is arbitrary, capricious, an abuse of discretion, or otherwise in violation of state law. Because the complaint in this case alleges no more than that, and because the reason plaintiffs attribute to defendants for their decision (a desire not to play host to Omaha's garbage) is not irrational, I agree that dismissal of the complaint should be affirmed.

I read the Court's opinion, as far as it goes, as consistent with the views I have expressed. I therefore join the opinion. It leaves open for further debate and decision the viability of the doctrine of substantive due process in zoning disputes. I regret that the Court has not chosen to go further in the present case, but I take comfort in the knowledge that the Court's statement that the question is open necessarily deprives *Littlefield* of any precedential effect. The same is true of opinions citing and applying *Littlefield, e.g., Cunningham v. City of Overland,* 804 F.2d 1066 (8th Cir.1986), filed before today. The next panel before which this question is argued will have a clean slate on which to write.

---

1. The Hon. Richard C. Peck, United States Magistrate for the District of Nebraska.