**QUEEN ANNE COURTS, a Minnesota general partnership, Plaintiff,**

**v.**

**CITY OF LAKEVILLE, City of Lakeville General Council: Duane R. Zaun (Mayor), Nancy Enright, Robert L. Nelson, Elizabeth L. Sindt, and Patrick G. Harvey; City of Lakeville Administrator/Clerk Patrick E. McGarvey; City of Lakeville Development Director James**

A. Robinette; Northwest Associated Consultants, Inc.; and David R. Licht, President Northwest Associated Consultants, Inc., Defendants.

Civ. No. 3–87–568.

United States District Court, D. Minnesota, Third Division.

June 8, 1989.

Lauren Lonergan of Briggs and Morgan, Minneapolis, Minn., for plaintiff.

Roger N. Knutson of Grannis, Grannis, Farrell & Knutson, South St. Paul, Minn., for defendants.

MEMORANDUM AND ORDER

RENNER, District Judge.

Before the Court is defendants' motion to dismiss or in the alternative motion for summary judgment. The Court held a hearing on these motions on March 8, 1989. The Court addressed several of defendants' arguments in a bench ruling, but took two issues under advisement. Those issues are (1) has plaintiff stated a claim for a violation of procedural due process under 42

U.S.C. § 1983?; and (2) has plaintiff stated a claim for a violation of substantive due process under 42 U.S.C. § 1983? Plaintiff has also provided unsolicited argument in its posthearing brief as to plaintiff's taking claim, an issue dealt with by the Court in its bench ruling. The Court will also address this taking issue in its memorandum.

## FACTS

Plaintiff Queen Anne Courts is a Minnesota general partnership that owns three parcels of land in Lakeville, Minnesota. The three parcels are adjacent to one another. The middle parcel has on it a mobile home park operated by Queen Anne. The parcels on either side of the park are undeveloped.

Defendants are the City of Lakeville, and also various city officials including the mayor, the city council, the city administrator and city clerk, and the Community Development Director. Also named as defendants are Northwest Associated Consultants, Inc., the city's land use consultant, and its president, David R. Licht.

This dispute arises out of the City of Lakeville's refusal to allow Queen Anne to expand its mobile home park onto the undeveloped parcels adjoining the mobile home park. The land is currently under a zoning classification that prohibits mobile home parks. The existing mobile home park predates the zoning ordinance, and is therefore a non-conforming use. The City of Lakeville has made various changes in the zoning classification over the years, but none of the various classifications has allowed for mobile home development.

Plaintiff has attempted several times to obtain permission from the city to expand its mobile home park. Queen Anne has filed applications to rezone the land, and has applied for conditional use permits. The city has denied all of its applications to change the zoning of the land to allow for expansion of the mobile home park.

Plaintiff commenced this action on August 18, 1987. Plaintiff's complaint alleges that defendant violated 42 U.S.C. § 1983 by taking plaintiff's property without just compensation, and by denying plaintiff both substantive and procedural due process of the laws.

Plaintiff also alleges defendants conspired to deprive Queen Anne of equal protection of the laws under 42 U.S.C. § 1985, and that certain defendants failed to prevent the conspiracy in violation of 42 U.S.C. § 1986. Finally, plaintiff alleges that defendants violated Minn.Stat. § 462.01, a zoning statute, and Minn.Stat. § 471.705, the open meeting statute.

## DISCUSSION

### 1. *Plaintiff's Procedural Due Process Claim.*

Count II of plaintiff's complaint alleges that defendants' "unfair and dilatory procedures" denied plaintiff procedural due process. In order to establish a claim for a violation of procedural due process under Section 1983, a plaintiff must show that it has a constitutionally protected property interest. *Littlefield v. City of Afton*, 785 F.2d 596, 600 (8th Cir.1986). Next, the plaintiff must show that it is entitled to a predeprivation hearing, and that defendant, acting under color of state law, deprived plaintiff of its property without providing such a hearing. *Id.* at 599–603.

In the instant case, plaintiff has failed to state any facts to support its procedural due process claim. Plaintiff has only made the bare allegation in its complaint that the city's procedures were "unfair and dilatory." Procedural due process requires that the city provide plaintiff with notice and an opportunity to be heard. The record reflects that plaintiff had notice of each hearing concerning its land, and in fact appeared and was heard.

Plaintiff argues that it has stated a procedural due process claim by virtue of the fact that the City Council had prepared the findings of fact it adopted in denying plaintiff's rezoning request prior to the meeting. Plaintiff concludes that this fact shows that the City Council had made up its mind prior to the meeting, and hence plaintiff was denied its right to a hearing.

Defendants argue that they prepared the proposed findings, which were based on the Planning Commission's recommendation,

only for convenience sake. Defendants argue that the City Council was at liberty to reject or amend the proposed findings after hearing plaintiff's arguments at the meeting, but that they simply chose not to do so. Defendants contend that the preprepared findings do not establish that the council prejudged plaintiff's application.

The Court does not believe that the preparation of proposed findings of fact prior to the City Council meeting is sufficient to create a disputed issue of fact as to a deprivation of procedural due process. As long as the City Council was free to reject or amend those findings after hearing plaintiff's arguments, plaintiff received a fair hearing.

Plaintiff has not presented any evidence that the City Council members would not have rejected or amended the Planning Commission's conclusions if they had been swayed by plaintiff's arguments at the Council meeting. That the City Council ultimately concurred with the Planning Commission's view of the facts does not show that plaintiff's application had been irrevocably prejudged, and the City Council meeting a mere sham. Therefore, summary judgment is appropriate as to plaintiff's claim for deprivation of a property interest without procedural due process.

### 2. *Plaintiff's Substantive Due Process Claim.*

Plaintiff also alleges that the City of Lakeville's refusal to rezone its property was arbitrary, capricious, and based on legally insufficient reasons. Plaintiff asserts that the City's actions amount to a denial of substantive due process.

The City argues that plaintiff cannot make out a claim for a violation of substantive due process. First, the City urges the Court to extend the reasoning employed by the United States Supreme Court in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) to substantive due process cases.

In *Parratt,* the Court held that in cases where the random and unauthorized act of a state employee causes a deprivation of property, procedural due process is not denied if the state provides an adequate post-deprivation remedy. 451 U.S. at 541–42, 101 S.Ct. at 1916. The City argues that this reasoning is equally applicable to cases involving alleged violations of substantive due process. The City argues that an adequate remedy is available to plaintiff in state court, and therefore plaintiff has not been deprived of property without due process of law.

The Eighth Circuit has recently addressed the City's argument that the *Parratt* rule should be extended to substantive due process cases. In *Weimer v. Amen,* 870 F.2d 1400 (8th Cir.1989), the court stated that "[i]n situations where procedural due process claims alleging property deprivation are prohibited in Section 1983 actions by *Parratt,* claims based on the same actions but alleging denial of substantive due process should be barred as well." 870 F.2d at 1406.

However, the *Weimer* language does not apply in this case. The *Weimer* court's statements make clear that it is only willing to extend the *Parratt* rule to substantive due process claims in cases where *Parratt* would apply to a procedural due process claim based on the same actions. As previously noted, *Parratt* only applies in cases where the state action is random and unauthorized.

■ Where, as in this case, the alleged deprivation is the result of otherwise lawful state action by a state decision making body acting within the scope of its authority, the *Parratt* rule would not apply to a procedural due process claim. *Parratt,* 451 U.S. at 541–42, 101 S.Ct. at 1916. *See also Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982). It follows that under the *Weimer* reasoning, there is no basis for extending the *Parratt* rule to plaintiff's substantive due process claim in this case. *Weimer,* 870 F.2d at 1406. Therefore, the fact that adequate state remedies may exist for plaintiff in this case does not preclude plaintiff's substantive due process claim.

Defendants also argue that plaintiff's allegations fail to state a substantive due

process claim as a matter of law in light of *Lemke v. Cass County*, 846 F.2d 469 (8th Cir.1987) (en banc). Plaintiff alleges that defendants' refusal to rezone its property was arbitrary, capricious, irrational, and based upon legally insufficient reasons. Previously, such allegations, if substantiated, would have entitled plaintiff to bring a substantive due process claim under Section 1983. *Littlefield v. City of Afton*, 785 F.2d 596 (8th Cir.1986).

However, the continuing validity of *Littlefield* in the substantive due process context is questionable in light of *Lemke*. In *Lemke*, the Board of Commissioners of Cass County, Nebraska, reversed an earlier zoning decision, and denied plaintiffs' request to operate a solid waste landfill. Plaintiffs filed suit in federal court, alleging that the zoning decision deprived them of property without due process of law. The district court held that the state law procedures satisfied due process and granted summary judgment for the Board of Commissioners. 846 F.2d at 470.

On appeal, plaintiff argued that a substantive due process claim arose from the Board's zoning decision. Argument was heard by a panel of the Eighth Circuit. The panel called for an en banc rehearing to consider the substantive due process question. The court, sitting en banc, held that there was no error in the district court's grant of summary judgment. In upholding the lower court, the Eighth Circuit apparently did not follow its prior decision in *Littlefield*. The court stated:

> Whether a substantive due process claim may arise from a denial of a zoning permit is an open question in this circuit and need not be decided in this case.

846 F.2d at 470–71.

Judge Arnold, joined by four other judges, wrote a concurring opinion. In his concurrence, Judge Arnold expressed his view that a plaintiff must allege something more than an arbitrary and capricious decision by land use authorities in order to

make out a claim for substantive due process based on a zoning decision. 846 F.2d at 472. The concurrence states:

> This reading of substantive due process would exclude complaints like the present one—simple rote allegations that the zoning decision is arbitrary and capricious. Such a claim is easily made in every zoning case, and is the stuff of which state administrative law is made. The state courts are open to hear, and do hear, such claims routinely. I see no reason to read the Due Process Clause as a constitutionalized Administrative Procedure Act setting up the federal courts as a forum for the review of every run-of-the-mill land use dispute.

*Id.*

The concurrence stated that a zoning decision would give rise to a substantive due process claim only where the zoning board's decision was "truly irrational," such as a decision made by the flip of a coin. 846 F.2d at 472.[1]

Plaintiff argues that the *Lemke* decision leaves open the substantive due process question. Plaintiff suggests that the Court adopt the view of the majority of Circuit Courts of Appeal that have considered the issue, and apply the rational basis test to the City's zoning decision. *See, Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir.1988); *Bello v. Walker*, 840 F.2d 1124, 1129 (3d Cir.1988); *Scott v. Greenville County*, 716 F.2d 1409, 1417–21 (4th Cir.1983); *Brady v. Town of Colchester*, 863 F.2d 205 (2d Cir. 1988).

Defendants urge that the Court adopt the approach set forth by Judge Arnold in his *Lemke* concurrence, and also outlined in the First Circuit decision in *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982) (cited with approval by Judge Arnold in *Lemke*). In *Creative Environments*, the court stated that a conventional planning dispute does not implicate the Constitution unless tainted with

---

1. Judge Arnold had previously outlined his view that the entire doctrine of substantive due process should not be recognized. 846 F.2d 471. However, he admitted that in light of the fact that the Supreme Court has repeatedly recognized the doctrine, it is "too late in the day" to deny that the doctrine exists. *Id.*

"fundamental procedural irregularity, racial animus, or the like...." *Id.*

The Court is hesitant to align itself with Judge Arnold's view of substantive due process, particularly as it relates to life and liberty interests. The Court believes that the reasoning of Mr. Justice (now Chief Justice) Rehnquist that "by barring certain government actions regardless of the fairness of the procedures used to implement them, [the Due Process Clause] serves to prevent governmental power from being 'used for the purposes of oppression'" is still the better view. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (citations omitted).

■ However, the Court believes that in the specific area of zoning decisions, the approach taken by Judge Arnold and the rest of the *Lemke* concurrence is appropriate. The nature of zoning decisions is such that they will always be susceptible to "simple rote allegations that the zoning decision is arbitrary and capricious." *Lemke,* 846 F.2d at 472 (Arnold, J., concurring). As the *Creative Environments* court stated:

> *Every* appeal by a disappointed developer from an adverse ruling by a local ... planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason.

680 F.2d at 833.

The wisdom of requiring a higher threshold for substantive due process claims in zoning cases was also noted by the court in *Hope Baptist Church v. City of Bellafonte Neighbors,* 655 F.Supp. 1216 (E.D.Mo. 1987). In *Hope Baptist,* the court stated:

> This Court begins from the proposition that federal courts should be circumspect in the application of substantive due process, particularly in the context of zoning decisions. At the municipal level of government, zoning decisions are made daily and frequently. To allow the loser of each zoning decision, both those who seek a change and those who seek to block changes, to sue in federal court on bald allegations of arbitrariness would significantly burden both federal courts and local zoning decisionmakers.

*Id.* at 1219 (citation omitted).

■ The rationale of the *Lemke* concurrence and the *Hope Baptist* court are applicable in this case. Plaintiff's complaint reveals a run-of-the-mill zoning dispute. Plaintiff alleges that the zoning decision was arbitrary and irrational for numerous reasons, including: the City is attempting to eliminate a nonconforming use, the City bowed to neighborhood opposition, the City ignored its own studies and zoning classifications, the City had no factual basis for its decision.

None of these allegations rise to a sufficient level to state a claim for substantive due process. Plaintiff has cited case law indicating that each of the above-mentioned alleged reasons for the City's decision is an improper or illegal grounds for reaching a zoning decision under Minnesota law. However, "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases, and violations of state law, in and of themselves, are not actionable under 42 U.S.C. § 1983." *Myers v. Morris,* 868 F.2d 1017, 1019 (8th Cir.1989); *see also Weimer,* 870 F.2d at 1406 (something more than violation of state law must be claimed to establish substantive due process violation). Accordingly, plaintiff's substantive due process claim must fail.

### 3. *Plaintiff's Taking Claim.*

■ Plaintiff also asserts that defendants have effected a taking of their property without just compensation in violation of the Fifth Amendment to the United States Constitution. A land use regulation may effect a taking of private property where it does not substantially advance legitimate state interests, or where it deprives an owner of economically viable use of the land. *Nollan v. California Coastal Commission,* 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

■ However, plaintiff cannot state a taking claim in this case because plaintiff has not sought compensation through available state procedures. In *Williamson County Regional Planning Commission*

*v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court held that a taking claim under Section 1983 was premature because the landowner had not sought compensation through state procedures. *Id.* 107 S.Ct. at 3121. The court reasoned that no taking without just compensation could occur until the state refused to pay compensation. *Id.*

Plaintiff argues that the *Williamson* doctrine is inapplicable in this case because there is no state procedure which will allow them to recover monetary damages. Plaintiff relies on *McShane v. City of Faribault,* 292 N.W.2d 253 (Minn.1980) for support.

In *McShane,* the Minnesota Supreme Court held that not every action challenging a land-use regulation gives rise to an inverse condemnation proceeding. *Id.* at 259. The *McShane* court refused to grant mandamus to compel an inverse condemnation proceeding, and instead ordered that the ordinance at issue be enjoined. *Id.* at 260.

Plaintiff argues that the *McShane* holding means that it can only obtain an injunction against the ordinance in state court, and cannot recover damages for the alleged taking.

However, the *Littlefield* court squarely addressed, and rejected, plaintiff's argument based on the *McShane* case. The *Littlefield* court stated:

> Appellants also did not seek compensation from the state. Appellants argue that the decision of the Minnesota Supreme Court in *McShane v. City of Faribault* bars an inverse condemnation action. The *McShane* court stated that "every regulation challenged as a taking [does not give] rise to an action for inverse condemnation. Only where the taking or damage is irreversible would an injunction against enforcement not provide an adequate remedy." The Minnesota Supreme Court limits "the use of inverse condemnation to cases where an injunction would not restore plaintiffs to their original status." Our review of the court's holding in *McShane* convinces us that an inverse condemnation action may be available to appellants. Until the Minnesota courts have ruled that an inverse condemnation action may not be brought or denies damages in such an action, appellants' claim of taking without just compensation is not ripe for decision by a federal court.

785 F.2d at 609 (citations omitted).

Plaintiff argues that the *Littlefield* rationale is no longer valid in light of the recent Supreme Court decision in *First English Evangelical Lutheran Church v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). In *First English,* the Supreme Court held that a landowner whose property was temporarily taken by a government regulation was entitled to receive damages for the period of the taking. *Id.* 107 S.Ct. at 2389. Plaintiff contends that because the *McShane* court stated that an inverse condemnation action would lie only for "irreversible" takings, plaintiff has no state court remedy to obtain the damages for a temporary taking mandated by *First English.*

The *McShane* court's statements concerning inverse condemnation were made seven years before the *First English* decision. A damage remedy for a temporary taking is now the law of the land. This Court is fully confident that the Minnesota courts will follow the *First English* holding and award damages if plaintiff establishes a temporary taking.

The facts in this case are not appreciably different from those in *Littlefield.* Plaintiff may be entitled to an inverse condemnation action in state court, or damages for a temporary taking. Until a Minnesota state court has ruled that such an action may not be brought, or has denied damages to plaintiff in such an action, the there has been no taking without just compensation.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment as to plaintiff's violation of procedural due process claim under 42 U.S.C. § 1983 is granted.

2. Defendants' motion for summary judgment as to plaintiff's violation of substantive due process claim under 42 U.S.C. § 1983 is granted.

3. Defendants' motion to dismiss plaintiff's taking without just compensation claim under 42 U.S.C. § 1983 is granted without prejudice.

IT IS FURTHER ORDERED that, pursuant to the Court's bench ruling on March 1, 1989:

4. Defendants' motion for summary judgment as to plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 is granted. Further, Defendants' motion to dismiss defendants Licht and Northwest Associated Consultants from this lawsuit is granted.

5. Defendants' motion to dismiss the individual city officials from this lawsuit is denied. The Court realizes that this issue is now moot due to the Court's dismissal of all of plaintiff's substantive counts. The Court sets forth this ruling in the event that some part of the Court's decision is reversed on appeal.

6. Defendants' motion to dismiss plaintiff's pendent state law claims without prejudice is granted due to the fact that the Court has dismissed or granted summary judgment as to all of plaintiff's federal claims.

LET JUDGMENT BE ENTERED ACCORDINGLY