**Norbert C. "Spike" PEARSON, Plaintiff,**

v.

**CITY OF GRAND BLANC and J. Larry Tomlinson, Jointly and Severally, Defendants.**

**Civ. A. No. 89–CV–40243–FL.**

United States District Court, E.D. Michigan, S.D.

Jan. 31, 1991.

Steven P. Iamarino, Grand Blanc, Mich., for plaintiff.

Michael S. Bogren, Kalamazoo, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is Defendants' Motion to Dismiss. The case arises out of the City of Grand Blanc's denial of the plaintiff's rezoning request. Plaintiff requested that his property in Grand Blanc be rezoned. The Grand Blanc City Council turned him down in 1980, and more recently in May of 1989. One count alleges substantive due process violations, the next equal protection, and the last, an unlawful taking under the Fifth Amendment. Plaintiff's response to the motion forswore all takings claims contained in his complaint and argued that this case was a substantive due process and equal protection claim *only*. Upon stipulation by counsel, the Court dismissed Count III. That leaves for the Court's

consideration the standards to be applied to the substantive due process and equal protection claims, and whether plaintiff has raised any genuine issues of material fact. For the reasons that follow, defendants' motion is GRANTED.

### The Viability of a Substantive Due Process Claim in Local Land Use Disputes

■ In the defendants' original brief in support of the motion, they argued that plaintiff's substantive due process claim was duplicative of his Fifth Amendment takings claim. Under Supreme Court supplied standards, a zoning ordinance operates as a taking if the ordinance does not substantially advance legitimate state interest, *see Nectow v. Cambridge*, 277 U.S. 183, 188, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928), or denies an owner economically viable use of his land, *see Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 138, n. 36, 98 S.Ct. 2646, 2666, n. 36, 57 L.Ed.2d 631 (1978). Defendants argue that a plaintiff cannot make out a takings claim under this standard without meeting the stringent standards of a substantive due process claim, whether that standard is an arbitrary and capricious standard, or a "shocks the conscience" standard.[1] But if a plaintiff meets whatever standard is applied to substantive due process claims, he has also met the takings standard. "Therefore, a substantive due process claim will provide a plaintiff with no greater protection under these circumstances than will a taking claim." Defendants' Brief in Support of Motion to Dismiss, at 23.

■ This argument is not as useful to the defendants now that there is no Fifth Amendment takings claim with which the substantive due process claim is duplicative. It does buttress, however, another of the defendants' arguments: a substantive due process claim cannot exist when the Constitution supplies a specific provision which is applicable, like the Fifth Amendment's takings clause.

1. A discussion of the appropriate standard to be applied can be found *infra*.

The Supreme Court has held that a substantive due process claim does not serve as an alternative basis of recovery in an Eighth Amendment cruel and unusual punishment claim, *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

It would indeed be surprising if, in the context of forceful prison security measures, "conduct that shocks the conscience" or "affords brutality the cloak of law," and so violates the Fourteenth Amendment, ... were not also punishment "inconsistent with contemporary standards of decency" and " 'repugnant to the conscience of mankind' " ... in violation of the Eighth.

*Id.* at 327, 106 S.Ct. at 1088, 89 L.Ed.2d at 265–66 (citations omitted). Nor does the due process clause substitute for an excessive force claim under the Fourth Amendment, *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

*Graham*, 490 U.S. at 395, 109 S.Ct. at 1871, 104 L.Ed.2d at 454–55.

The defendants cite two courts of appeals cases which seem to deal with the issue of whether a substantive due process claim survives where a taking claim under the Fifth Amendment is available. The defendants freely admit, though, that the first, *Nelson v. City of Selma*, 881 F.2d 836 (9th Cir.1989), although mentioning that there was some question whether the due process claim survives, refused to decide the issue. The second, *Rymer v. Douglas County*, 764 F.2d 796 (11th Cir. 1985) ("The due process test enunciated in *Williams* [*v. Kelley*, 624 F.2d 695 (5th Cir. 1981) ] adds little or nothing that the taking clause does not encompass.") came out about four or five years before the Supreme Court had heard or decided *Graham v. Connor*.

■ Defendants' argument receives support, however, from other decisions concerning local land use disputes under 42 U.S.C. § 1983. Federal Courts seem to be persuaded that "local land use decisions simply do not constitute the type of state action which will give rise to a substantive due process claim." Defendants' Brief in Support of Motion to Dismiss, at 27–28. Courts have stated that these disputes are too typical of the "run of the mill" disputes between a developer and the local zoning board. Federal review of zoning decisions should be saved for those decisions which are "tainted with fundamental procedural irregularity, racial animus, or the like." *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.) *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). The violation of a state statute does not automatically create a constitutional cause of action. *Crocker v. Hakes*, 616 F.2d 237, 239, n. 2 (5th Cir.1980) (Per Curiam). A five member concurrence in an en banc decision in the Eighth Circuit had this to say about substantive due process claims in the local land use context:

Such claims should ... be limited to the truly irrational—for example a zoning board's decision made by flipping a coin, certainly an efficient method of decision making, but one bearing no relationship whatever to the merits of the pending matter....

... Such a claim is easily made in every zoning case, and is the stuff of which state administrative law is made.... I see no reason to read the Due Process Clause as a constitutionalized Administrative Procedure Act setting up the federal courts as a forum for the review of every run-of-the-mill land use dispute.

*Lemke v. Cass County*, 846 F.2d 469, 472 (8th Cir.1987) (Arnold, J., concurring).

In the Sixth Circuit, a similar attitude has been evident.

Section 1983 does not create a federal cause of action for every wrong committed under color of State law.... Only deprivations of rights, privileges, or immunities secured by the Constitution and laws of the United States are actionable.

We agree with the district court·that this zoning dispute is a matter within the jurisdiction of the state courts of Ohio.... 

The record in the present case reveals no deprivation of any rights, privileges or immunities secured by the Constitution or any laws of the United States. *Studen v. Beebe*, 588 F.2d 560, 566 (6th Cir.1978) (citations omitted).

District courts are getting in the act as well.

To allow the loser of each zoning decision, both those who seek a zoning change and those who seek to block changes, to sue in federal court on bald allegations of arbitrariness would significantly burden both federal courts and local zoning decision makers.

... The application of substantive due process to local zoning decisions implicates notions of federalism and separation of powers.... The standard should not be viewed by federal courts as an invitation to conform zoning decisions to the judges' notions of land use.

*Hope Baptist Church of Castle Point v. City of Bellefontaine*, 655 F.Supp. 1216, 1219 (E.D.Mo.1987); *see also Queen Anne Courts v. City of Lakeville*, 726 F.Supp. 733 (D.Minn.1989). Defendants argue that this is a run-of-the-mill zoning dispute, and urges this Court to avoid becoming a super zoning board of appeals. Defendants' Brief in Support of Motion to Dismiss, at 35. The plaintiff was also unable to distinguish this case from any other local land use dispute. If this claim were found to state a cause of action, there is no reason why any other zoning dispute could not also state a federal claim.

Although the Supreme Court has on occasion held that the specific constitutional protection supersedes the more generalized due process protection, it has not ruled on whether the specific takings clause of the Fifth Amendment supersedes the general due process provisions of the Fifth and Fourteenth Amendments. The plaintiff never responded to this part of the defendants' argument, but this Court is inclined to agree with the defendants' argument that the takings clause supersedes any substantive due process claim in claims arising from local land use disputes.

Given the recent trend towards shrinking the opening that § 1983 provides to federal courthouses, it would seem likely that the present Supreme Court would use the *Graham* line of cases to exclude "run-of-the-mill" local land use disputes from federal dockets. In local land use disputes, it is here held that the general substantive due process claim is superseded by the specific guarantees contained in the Fifth Amendment's takings clause.

### The Existence of a Genuine Issue of Material Fact

Defendants make additional arguments for dismissal which also persuade the Court. As the discussion which follows will indicate, plaintiff is unable to raise a genuine issue of fact to sustain his equal protection claim. Assuming the legal viability of the plaintiff's substantive due process claim, the plaintiff has not raised a genuine issue of fact to support that claim either. Before discussing the factual issues, the standards to be applied to such claims must be determined.

A. The Standards to be Applied to Equal Protection Claims

■ Defendants discuss several opinions of the United States Supreme Court, the Sixth Circuit as well as other circuit courts to demonstrate that, in the absence of any discrimination against a suspect class or any infringement of a fundamental right, the standard of review of local zoning ordinances in equal protection challenges to those provisions is a very deferential rational basis test. "If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." *Village of Euclid v. Ambler Realty*, 272 U.S. 365, 388, 47 S.Ct. 114, 118, 71 L.Ed. 303, 311 (1926). "[E]very line drawn by a legislature leaves some out that might well have been included. That exercise of discretion, however, is a legislative, not a judicial, function." *Village of Belle Terre v.*

*Boraas,* 416 U.S. 1, 8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797, 803–04 (1974).

> States are not required to convince the courts of the correctness of their legislative judgments. Rather, "those challenging their legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision-maker."

*Minnesota v. Cloverleaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 724, 66 L.Ed.2d 659, 668–69 (1981). *See also Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303 (6th Cir.) (citing *Village of Euclid, supra*) *cert. denied* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *Shelton v. City of College Station,* 780 F.2d 475, 483 (5th Cir.) ("The key inquiry is whether the question is 'at least debatable.' ... If it is, there is no denial of substantive due process as a matter of federal constitutional law.") *cert. denied* 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986).

B. The Standards to be Applied to Local Land Use Substantive Due Process Claims

 The plaintiff describes his claim as an "arbitrary and capricious substantive due process claim." This is based on language in an Eleventh Circuit case, *Eide v. Sarasota County,* 908 F.2d 716 (11th Cir. 1990). In *Eide,* the plaintiff sought to have the county forced to rezone his property so that it could be used commercially. The Eleventh Circuit said there are four ways for the plaintiff to bring such a claim: just

compensation, due process takings, arbitrary and capricious due process, and equal protection. Plaintiff's Brief in Opposition to Motion for Summary Judgment, at 14. The plaintiff could succeed if the regulation "does not bear a substantial relation to the public health, safety, morals, or general welfare, and is therefore an invalid exercise of police power." *Eide,* 908 F.2d at 721.

Plaintiff points to deposition testimony of council members to show that the council was swayed, not by any hard evidence of an adverse impact on the health, safety, welfare or moral condition of the citizens of Grand Blanc, but only by the complaints of the citizens. Because no justifications were provided which would serve the health, safety, welfare or moral interests of the City, the denial of plaintiff's rezoning request was outside the scope of the City's police power,[2] and therefore a violation of the plaintiff's substantive due process rights.

This simply is not the standard to be applied to substantive due process claims in the Sixth Circuit, however. The Sixth Circuit differs from some other districts in that it applies a "shock the conscience" standard. *McMaster v. Cabinet for Human Resources,* 824 F.2d 518 (6th Cir. 1987). The Sixth Circuit most recently applied the shock the conscience standard to a zoning dispute in *G.M. Engineers v. West Bloomfield,* 922 F.2d 328. According to the *G.M. Engineers* court, there are two types of substantive due process claims: those that are based on rights, privileges or immunities secured by the Constitution;

---

2. The Court is analyzing whether there is a rational basis for the City's denial of the plaintiff's rezoning request. It was plaintiff's contention, however, that an arbitrary and capricious standard applied to this substantive due process claim, and that the decision had to be related to concerns for the public health, safety, morals or general welfare. Thus, a finding of a rational basis for the decision would not be necessarily sufficient to support the denial of the rezoning request.

As of the end of 1990, this is no longer the law in the Sixth Circuit, if it ever was. At the time that defense counsel wrote his Brief in Support, the Sixth Circuit had yet to decide *G.M. Engineers and Associates, Inc. v. West Bloomfield*

*Township,* 922 F.2d 328 (6th Cir.1990), the case in which the Sixth Circuit applied the "shocks the conscience" standard to substantive due process claims which challenge local zoning decisions. The "shocks the conscience" standard does not limit the state's discretion to matters of public health, safety, morals or general welfare. Now that *G.M. Engineers* has been decided, this court can apply the "shocks the conscience" standard which can justify upholding the council's zoning decision even if public health, safety, moral or general welfare interests are not served.

(Defendants' counsel called the Court's attention to *G.M. Engineers* in his Reply Brief).

and those that include "allegations of official acts which 'may not take place no matter what procedural protections accompany them.'" *G.M. Engineers, supra,* at 332 (quoting *Hayes v. Vessey,* 777 F.2d 1149, 1152 (6th Cir.1985)).

*G.M. Engineers* arose out of a local zoning dispute like this one. Among other claims, the plaintiff claimed a violation of its substantive due process rights arising from the county's denial of the plaintiff's application for division of lots. The court determined that this was the second type of substantive due process claim, and stated the applicable standard: "The test under the second category asks whether the alleged conduct shocks the conscience of the court." *G.M. Engineers, supra,* at 332 (citing *McMaster, supra* at 522.) "Since plaintiff's allegations do not fit this case within either category, we hold that plaintiff failed to state a claim based on substantive due process." *G.M. Engineers,* at 332.

Even though the court considered the substantive due process claim only briefly at the end of an opinion which considered the exhaustion requirements which accompany a Fifth Amendment takings claim, the court applied a "shocks the conscience" standard and held that the plaintiff's claim did not meet that standard. Plainly, if there is a substantive due process cause of action arising out of local land use disputes, (*see* discussion of the viability of a substantive due process claim in the local land use area, *supra*) the standard to be applied in the Sixth Circuit to such claims is the "shocks the conscience" standard; not the arbitrary and capricious standard espoused by the plaintiff.

C. Applying the Facts to the Standards

■ If the substantive due process claim is to survive this motion, the plaintiff must raise factual issues which, if proven, would shock the conscience of the Court. The equal protection claim will survive only if the plaintiff can raise factual issues which, again, if proven, will show that there is no rational basis for the denial of his rezoning request. Plaintiff tries to shock the conscience of this Court by showing there was no valid justification for the denial. Thus, if a rational basis for the decision can be found to defeat the equal protection claim, there will be ample justification for the denial to avoid shocking the Court's conscience.

The plaintiff basically is upset because almost all of the parcels that are zoned commercial are adjacent to residential parcels, as is his parcel. The city is not allowing him to use his property in a commercial fashion even though the other commercially zoned parcels present similar traffic, noise, odor and lighting problems. He believes that he is being treated differently, and he sees no justification for it. Indeed, the City's Planning Commission, as well as the County Planning Commission, recommended that the plaintiff's request be approved.

According to the plaintiff, the only reasons given for denying the request were aesthetic in nature, and aesthetics cannot be the sole basis for zoning decisions. Otherwise, "no legitimate governmental interest was espoused on behalf of the City of Grand Blanc for denying Plaintiff's request and/or was even extent for consideration." Plaintiff's Brief in Opposition to Motion for Summary Judgment, at 24. Much is missing from the plaintiff's argument.

Aesthetic concerns are arguably within the state's discretion. *See* Note, *No News(rack) is Good News? The Constitutionality of a Newsrack Ban,* 40 Case W.Res.L.Rev. 451, 469–71 (1989–90). Although the United States Supreme Court has recognized that aesthetic concerns may justify limitations on speech, *see Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 507–08, 101 S.Ct. 2882, 2892, 69 L.Ed.2d 800, 815 (1981) (White, J., plurality opinion) (An ordinance which advances the "appearance of the city" is a "substantial governmental goal."), it may be necessary that the aesthetic concern advanced by the municipality be part of a comprehensive plan to improve or maintain the aesthetic appeal of the area. Note, *supra,* at 471 (citing plurality opinion in *Metromedia, supra,* at 520–21, 101 S.Ct. at 2899, and its

focus on the "exceptions to the city's billboard ban as if [the exceptions] were reflective of the lack of a comprehensive plan to address the problem.").

Plaintiff also complains that the zoning board caved in to pressure from complaining citizens. Several circuit courts have permitted zoning boards to consider citizen objections. *Burns v. City of Des Peres*, 534 F.2d 103 (8th Cir.) *cert. denied* 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1579 (11th Cir.1989) ("[A] planning commission or a City Council is not a judicial forum; it is a legislative body held democratically accountable through precisely the forms of political suasion to which Greenbriar objects.").

> [A]s we emphasized in our opinion in the *Chicago Board of Realtors[, Inc. v. City of Chicago*, 819 F.2d 732 (7th Cir.1987)] case, much governmental action is protectionist or anticompetitive, ...; and nothing is more common in zoning disputes than selfish opposition to zoning changes. The Constitution does not forbid government to yield to such opposition; it does not outlaw the characteristic operations of democratic (perhaps of any) government operations which are permeated by pressure from special interests.

*Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir.1988) (citations omitted). The democratic system is based on the notion that our elected officials react to our concerns. The Court wonders what purpose would be served by having our zoning commissions and town councils elected if the courts required these elected bodies to ignore the people who elected their members.

Even if the justifications about which plaintiff complains are not clearly permissible under case law, the council's decision is supported by other justifications which make their decision a rational one for the purposes of equal protection analysis.

> The reasons for opposition ... were varied and numerous, but included concerns about traffic volume, noise levels, reduction in property values, an overall objec-tion to a departure from the master plan, and objections to a change in the local business and residential nature of that portion of the City of Grand Blanc.

Defendants' Brief in Support of Motion for Summary Judgment, at 47. In addition, the minutes of the meeting at which the request was denied reflect other concerns as well. *See* Exhibit A to Defendants' Brief in Support of Motion for Summary Judgment.

The Court is not to consider which litigant's position on the rezoning request is supported by the best argument. It is not a question of whether the jury would find the plaintiffs arguments for rezoning more persuasive than the city's arguments against. As long as the defendants' justification for denying the zoning change is rational, as long as it is possible for there to be debate about the validity of the justification, the Court must defer to the council's determination. The Court's, or the jury's, judgment may not be substituted.

This Court finds that the plaintiff has failed to raise a genuine issue of fact about whether there was an adequately rational basis for denying the plaintiff's rezoning request. Plaintiff's substantive due process claim arising out of this local land use dispute is superseded by the Fifth Amendment's takings clause. It cannot state a cause of action for which relief can be granted. Even if the substantive due process claim could be brought, the plaintiff has failed to raise a genuine issue of fact about whether the denial of the plaintiff's rezoning request shocks the conscience of this Court. For these reasons, the defendants' Motion to Dismiss is GRANTED, and this case is DISMISSED.

SO ORDERED.