**CROOKED LAKE DEVELOPMENT, INC., Plaintiff,**

v.

**EMMET COUNTY, Emmet County Planning Commission, Emmet County Board of Commissioners, Shannon Brower, James Winkworth, Wilfred Sterzik, James Harris, Donald Caird, Robert Ledingham, Norman Eppler, Terry Clayton, Marilyn Smith, Leroy Gregory, Jack Jones, and David Munger, Defendants.**

No. 1:90–cv–818.

United States District Court,
W.D. Michigan, S.D.

May 3, 1991.

Robert A. Buchanan and Clifford H. Bloom, Law, Weathers & Richardson, Grand Rapids, Mich., for plaintiff.

Catherine D. Jasinski, Cummings, McClarey, Davis & Acho, Traverse City, Mich., for defendants.

## OPINION

ROBERT HOLMES BELL, District Judge.

This is a civil rights action filed under 42 U.S.C. § 1983, arising out of the rezoning of property in Emmet County, Michigan. Plaintiff has alleged both federal and state claims involving issues of taking without just compensation, procedural due process, substantive due process, equal protection and conspiracy. The matter is currently before the Court on defendants' motion for judgment on the pleadings.

## I. STANDARD OF REVIEW

Defendants' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure raises the defense of failure to state a claim upon which relief can be granted. Rule 12(h) allows such a defense to be made by motion for judgment on the pleadings. In that case the Sixth Circuit has held that the 12(c) motion should be evaluated under the same standards applied to a 12(b)(6) motion. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987).

> Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. However, we need not accept as true legal conclusions or unwarranted factual inferences.

*Id.* at 12 (citations omitted).

## II. FACTUAL BACKGROUND

Plaintiff owns 11.7 acres on Crooked Lake. Since 1972 the property had been zoned R–2B which permits multiple-family dwellings. In September 1988 plaintiff submitted a site plan for a multi-family residential condominium project to the Emmet County Planning Commission for approval. Plaintiff's site plan was conditionally approved on June 29, 1989, and then revoked a week later. In July, 1989, while approval of plaintiff's plan was pending, 135 local property owners petitioned for rezoning a large tract of property, 10–15% of which was plaintiff's property, to RR–2, Recreational Residential district, which does not allow multiple-family use.

Plaintiff filed a mandamus action in the Emmet County Circuit Court (Case No. 89–61614–AW) on July 24, 1989, seeking to compel approval of the site plan. On August 16, 1989, plaintiff's mandamus action was dismissed.

Also in August 1989 the Ponshewaing Homeowners group filed suit in the Emmet County Circuit Court to stop plaintiff's condominium project. On October 13, 1989, plaintiff filed a cross-claim for mandamus compelling the Emmet County Planning Commission to approve its August 24, 1989, revised site plan and to issue a zoning compliance permit, and further requesting that the County be enjoined from re-zoning plaintiff's property. The property was re-zoned RR–2 on 10/24/89, and on January 4, 1990, the Emmet County Circuit Court

granted the Homeowners group's motion for summary judgment and dismissed plaintiff Crooked Lake's request for mandamus and injunctive relief.

Plaintiff filed this action on October 1, 1990, alleging that the County's actions regarding the site plan approval and the rezoning of the property violated its civil rights.

## III. ANALYSIS

### A. *Taking*

In paragraph 87 of the complaint plaintiff alleges violations of its constitutional rights, including, but not limited to, its federal Fifth and Fourteenth Amendment rights, substantive and procedural due process rights, property rights, equal protection rights, liberty rights, and Michigan constitutional rights.

■ Notwithstanding its reference to the Fifth Amendment, plaintiff denies in its brief and at oral argument that it is complaining of a taking without just compensation. Nevertheless, in the event there is any question as to whether this complaint raises a Fifth Amendment "takings" claim, this Court rules that in any event, such a claim must be dismissed for failure to state a claim under the Just Compensation Clause.

. The following language from the recent Sixth Circuit Court of Appeals decision in *G.M. Engineers and Assoc., Inc. v. West Bloomfield Township*, 922 F.2d 328, 331 (6th Cir.1990), is controlling:

Nevertheless, plaintiff's taking claim is defeated by the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 [105 S.Ct. 3108, 87 L.Ed.2d 126] (1985). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195 [105 S.Ct. at 3121]. Thus, in order to state a claim, the plaintiff must show "that the inverse condemnation procedure is unavailable or inade-

quate...." *See id.* at 197 [105 S.Ct. at 3122]. Because plaintiff makes "no claim that the State of [Michigan] does not have an adequate inverse condemnation law permitting citizens to recover just compensation for governmental takings," plaintiff failed to state a claim under the Just Compensation Clause. *Four Seasons Apartment v. City of Mayfield Heights*, 775 F.2d 150, 151–52 (6th Cir.1985).

Plaintiff in the instant action has not claimed that the State of Michigan does not have an adequate inverse condemnation law permitting recovery of just compensation for governmental takings. Accordingly, under the authority of *Williamson County* and *G.M. Engineers*, plaintiff's Fifth Amendment "takings" claim, if any, must be dismissed.

### B. *Procedural Due Process*

Plaintiff claims defendants' actions deprived it of its use of its property without due process of law. The Sixth Circuit recognized in *G.M. Engineers* that *Williamson County* does not specifically foreclose a due process claim in a land use case. However, it identified the exacting prerequisites that will often defeat such a claim. 922 F.2d at 331.

■ An essential element of an action under § 1983 is the existence of a constitutionally protected liberty or property interest. Accordingly, plaintiff must show it had a property interest in the use of its property for multiple family dwellings before it can establish that it was deprived of that interest without due process of law. *Ramsey v. Board of Education*, 844 F.2d 1268, 1271 (6th Cir.1988).

■ The viability of plaintiff's procedural due process claim depends upon establishing that the Planning Commission did not have discretion to deny the site plan once plaintiff complied with the mandatory minimal requirements. If the Board had discretion as to whether or not to approve the proposal, then plaintiff had neither a "legitimate claim of entitlement" nor a "justifiable expectation" in approval of the

proposed site plan. *G.M. Engineers,* 922 F.2d at 331 (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) and *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983)).

Although plaintiff alleges that it was entitled to site plan approval, the state circuit court has already ruled that the County had discretion on whether to grant or deny approval of the site plan. In *Crooked Lake Development, Inc. v. Emmet County Zoning Administrator, Emmet County Planning Commission, and Emmet County Board of Commissioners,* Emmet County Circuit Court No. 89–61614–AW (8/16/89), Plaintiff requested the issuance of a writ of mandamus ordering defendants to approve plaintiff's site plan. The court dismissed the action because it was "unable to find that there is an enforceable clear legal duty here to perform ..."

In the second state circuit court action, *Schwab, et al. v. Crooked Lake Development, Inc., Emmet County and Emmet County Planning Commission,* Emmet County Circuit Court No. 89 637–14 CE, plaintiff again requested mandamus, this time for approval of plaintiff's revised site plan. Again the state court held that the Planning Commission had not acted improperly by refusing to approve the site plan.

■ Under the Supreme Court's interpretation of the Full Faith and Credit Statute, 28 U.S.C. § 1738, "a state court judgment must be accorded by federal courts the same preclusive effect it would be accorded by the courts of the State." *Zanders v. National R.R. Passenger Corp.,* 898 F.2d 1127, 1130 (6th Cir.1990). Michigan courts endorse a broad application of the doctrine of res judicata, barring not only those questions actually litigated in the first proceeding, but also those claims arising out of the same transaction which plaintiff could have brought, but did not. *Gose v. Monroe Auto Equipment Co.,* 409 Mich. 147, 160, 294 N.W.2d 165 (1980). The doctrine applies equally to facts and law. *Id.* at 161, 294 N.W.2d 165.

■ Res judicata encompasses two forms of preclusion, claim preclusion and issue preclusion. *Duncan v. Peck,* 752 F.2d 1135, 1138 (6th Cir.1985). Issue preclusion precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment. *Canton v. Maynard,* 766 F.2d 236, 238 (6th Cir.1985). This court will not engage in second guessing the state court as to its final orders. Granting preclusive effect to issues decided by state courts reduces unnecessary litigation, fosters reliance on adjudication, and also promotes the comity between state and federal courts that has been recognized as a bulwark of the federal system. *Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

■ Issue preclusion bars plaintiff's procedural due process claim. Although plaintiff did not raise a due process claim in state court, plaintiff cannot state a due process claim in this court without asking this court or the jury to make a contrary finding to that of the state court over the issue of plaintiff's right to approval of its site plan. Since the state court has already ruled that the county had discretion on whether to approve or not approve the site plan, plaintiff cannot show a "legitimate claim of entitlement" nor a "justifiable expectation" in approval of the proposed site plan. Even if this Court were not to give the state court's decisions preclusive effect, and assuming plaintiff could show that it had met all statutory requirements such that approval of its site plan was mandatory, plaintiff's procedural due process claim would nevertheless fail. If the Planning Commission was required by law to approve the site plan, then its actions were unauthorized, and require a showing of inadequate state corrective procedures.

As noted in *G.M. Engineers,* the Sixth Circuit held in *Four Seasons Apartment v. Mayfield Heights,* 775 F.2d 150, 152 (6th Cir.1985), that if the mayor's letter to a developer revoking his building permit was illegal as alleged, then (a) it was an unauthorized official act, (b) not a part of any

"established state procedures" and (c) therefore was subject to the rule of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983), *cert. denied*, 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984), all of which require a showing of inadequate state corrective procedures. 922 F.2d at 331.

Although plaintiff alleges in paragraph 83 of its complaint that it has no adequate remedy under Michigan law, plaintiff has not supported this legal conclusion with any factual allegations. The Court is not required to accept as true plaintiff's unsupported legal conclusions. Since plaintiff has not shown that state procedures are inadequate to correct the allegedly improper actions on the part of the defendants, plaintiff has failed to state a procedural due process claim.

### C. *Substantive Due Process*

■ There are two types of "substantive" due process claims to which the *Parratt* doctrine does not apply: 1) claims based on a "right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of the Fourteenth Amendment *simpliciter*", and 2) allegations of official acts which "may not take place no matter what procedural protections accompany them." *Hayes v. Vessey*, 777 F.2d 1149, 1152 (6th Cir.1985) (quoted in *G.M. Engineers*, 922 F.2d at 332). As to the first exception, plaintiff claims this is not a takings case, and plaintiff has not identified a violation of any other right secured by the Constitution or federal laws other than the due process clause. Accordingly, plaintiff has not met the first exception to the *Parratt* doctrine.

■ In order to meet the second exception, plaintiff must show conduct that shocks the conscience of the court. *G.M. Engineers*, 922 F.2d at 332. Plaintiff has not alleged fundamental procedural irregularities, racial animus, or truly irrational actions by the zoning board. Plaintiff's claims, like the claims in *Studen v. Beebe*, 588 F.2d 560 (6th Cir.1978), are "yet another effort to make a federal case out of litigation which belongs in the State courts." *Id.* at 562. In *Studen*, plaintiffs alleged violations of their civil rights when their property was rezoned from three tier zoning to single family residential use and their application for a building permit for a non-residential use was denied. Plaintiffs argued that the rezoning was politically motivated and enacted as a result of anti-industrial animus on the part of Village officials. *Id.* at 563. The Court held that plaintiffs could not create federal jurisdiction by filing an insubstantial action under the civil rights statutes. *Id.* at 566.

■ Plaintiff's allegations of bad faith, abuse of authority, and arbitrary and capricious conduct in local land use proceedings may state a claim under state law, but they fail to state a federal claim under the substantive due process clause of the United States Constitution. *See also, Lemke v. Cass County*, 846 F.2d 469, 472 (8th Cir. 1987) (Arnold, J., concurring); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

Moreover, substantive due process claims have been limited by recent Supreme Court cases. The Supreme Court has held that a substantive due process claim is not an alternative basis for recovery for an Eighth Amendment cruel and unusual punishment claim, *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), or for a Fourth Amendment excessive force claim. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Where available, explicit constitutional guarantees offer a more concrete and therefore superior guide to judges than the generalized notion of "substantive due process". 490 U.S. at 395, 109 S.Ct. at 1871.

The status of the substantive due process "shock the conscience" test in contexts other than allegations of excessive force is uncertain after *Graham*. *Braley v. City of Pontiac*, 906 F.2d 220, 226 (6th Cir.1990). The Sixth Circuit recently expressed its doubt in the utility of such a

standard outside the realm of physical abuse. *Id.* At least one district court has held that in local land use disputes the general substantive due process claim is superseded by the specific guarantees contained in the Fifth Amendment's takings clause. *Pearson v. Grand Blanc,* 756 F.Supp. 314, 317 (E.D.Mich.1991).

In *Pearson* the court dismissed plaintiff's substantive due process claim arising out of the City's denial of plaintiff's rezoning request for failure to state a claim upon which relief can be granted. Like the claim in *Pearson,* plaintiff's substantive due process allegation is in essence a "run-of-the-mill" local land use dispute. This Court agrees with Judge Newblatt's determination in *Pearson* that in local land use disputes the general substantive due process claim is superseded by the specific guarantees contained in the Fifth Amendment's takings clause. 756 F.Supp. at 317.

### D. *§ 1985 Conspiracy*

Plaintiff acknowledges in its brief in opposition to the motion to dismiss that it did not plead or allege an independent conspiracy claim under 42 U.S.C. § 1985.

### E. *Equal Protection*

Plaintiff claims that it was discriminated against and that such discrimination was not rationally related to a legitimate state interest.

Plaintiff has failed to allege even the threshold element of disparate treatment. The complaint sets forth no facts alleging that others similarly situated were treated differently. Moreover, plaintiff does not identify the class that was discriminated against. In order to make out an equal protection claim the alleged wrong must be directed toward an individual as a member of a class or group singled out for discriminatory treatment. *Joyce v. Mavromatis,* 783 F.2d 56, 57 (6th Cir.1986). The equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class receiving better treatment than a plaintiff who alleges tortious injury. *Joyce v. Mavromatis,* 783 F.2d 56, 57 (6th Cir.1986).

Moreover, plaintiff cannot sustain a claim that the defendants' zoning classification bears no rational or reasonable relation to the health, safety and welfare of the community. Since plaintiff has alleged neither the infringement of a fundamental right nor discrimination against a suspect class, the county's zoning actions must be measured against the very deferential rational basis test. *See Belle Terre v. Boraas,* 416 U.S. 1, 8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974); *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. Lakewood,* 699 F.2d 303, 308 (6th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983), *Studen,* 588 F.2d at 565–66; *Pearson,* 756 F.Supp. at 317.

The state court has already found that the county defendants duly considered and made findings on the various pros and cons of rezoning to exclude multi-family uses. Such considerations included the recreational residential focus of the 1971 Emmet County Comprehensive Land Use Plan, the trend toward upgraded zoning, the small size of the lots, the potential impact of high density use on the water quality of Crooked Lake, the muck lands and numerous artesian wells. The state court held that these findings were not made in bad faith. This court is bound by the state court's factual findings, and those findings preclude a determination that the rezoning was not rationally related to a legitimate government interest.

### F. *State Law Claims*

The asserted basis for this court's jurisdiction of this case is 28 U.S.C. § 1343, relating to civil rights actions arising under the constitution and laws of the United States. The Court has determined that plaintiff has failed to state a claim under federal law upon which jurisdiction can be based. Accordingly, to the extent that plaintiff has asserted claims under state law, the Court declines to exercise pendent jurisdiction over those claims and those

claims are dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir. 1987).