Robert MILNE and Linda
Milne, Plaintiffs,

v.

TOWNSHIP OF OREGON, a Michigan
municipal corporation, Defendant.

Civ. A. No. 89–CV–40273–FL.

United States District Court,
E.D. Michigan, S.D. Flint.

Oct. 24, 1991.

Phillip J. Goodman, Steven G. Silverman,
Simpson Moran, Birmingham, Mich., for
plaintiffs.

James E. Tamm, Plunkett & Cooney,
P.C., Detroit, Mich., for defendant.

MEMORANDUM OPINION
AND ORDER

NEWBLATT, District Judge.

Before the Court is the defendant Township's Motion to Dismiss. Once again, this Court is confronted with a zoning dispute over which it has no jurisdiction. For the reasons which follow, the motion is GRANTED.

I.

This is a dispute concerning the interpretation of a Township zoning ordinance which does not permit manufacturing on property zoned R–1, agricultural/residential. Plaintiffs operate a tree farm and produce wooden pallets from the trees on their R–1 zoned property. Defendant contends that the production of wooden pallets violates the ordinance. Plaintiffs have obtained several opinions from various sources that the production of wood pallets is not manufacturing. Consequently, they have brought this action to challenge the ordinance on a variety of constitutional grounds.

According to the plaintiffs' Addendum to First Amended Complaint, plaintiffs allege in Counts I—III that the interpretation of its zoning ordinance by Township officials, arbitrarily and capriciously deprives the plaintiffs of the right to engage in a lawful use of their land, thereby violating their substantive due process rights under the Fourteenth Amendment and giving them a

cause of action under 42 U.S.C. § 1983. Count I seeks damages, Count II seeks declaratory relief, and Count III seeks attorney's fees pursuant to 42 U.S.C. § 1988. Count IV alleges an unconstitutional taking of the plaintiffs' property without just compensation in violation of the taking clause of the Fifth Amendment. Count V challenges the zoning ordinance itself as unconstitutionally vague.

To the extent that the original Complaint or First Amended Complaint makes additional claims that are not included in the Addendum to First Amended Complaint, those additional claims have been withdrawn as have the claims against individual defendants. All that remains in this suit are the five counts outlined in the preceding paragraph against the sole defendant Oregon Township.

## II.

■ In *Pearson v. City of Grand Blanc*, 756 F.Supp. 314 (E.D.Mich.1991), this Court held that the "takings" clause of the Fifth Amendment supersedes any substantive due process claim in the local land use arena.

> Although the Supreme Court has on occasion held that the specific constitutional protection supersedes the more generalized due process protection, it has not ruled on whether the specific takings clause of the Fifth Amendment supersedes the general due process provisions of the Fifth and Fourteenth Amendments....
>
> Given the recent trend towards shrinking the opening that § 1983 provides to federal courthouses, it would seem likely that the Supreme Court would use the *Graham [v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)] line of cases to exclude "run-of-the-mill" local land use disputes from federal dockets. In local land use disputes, it is here held that the general substantive due process claim is superseded by the specific guarantees contained in the Fifth Amendment's takings clause.

*Pearson, supra* at 317.

Because this case arises out of the Township's interpretation of its zoning laws, and the Township's refusal to issue a variance to accommodate the plaintiffs' desire to manufacture wood pallets on their residentially zoned property, the Court must conclude that this is a "run-of-the-mill" zoning dispute. The plaintiffs' substantive due process claim must fail because the only constitutional protection of which the plaintiffs can avail themselves in this situation comes from the Fifth Amendment's takings clause. The defendant's motion to dismiss the substantive due process claim is GRANTED, and the due process claim is DISMISSED.

## III.

■ This leaves the plaintiffs' takings claim. Under the Supreme Court's ruling in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the plaintiffs are foreclosed from bringing a taking claim to federal court until they have pursued Michigan's inverse condemnation procedure provided for in *Grand Trunk Western Rail Company v. Detroit*, 326 Mich. 387, 40 N.W.2d 195 (1949). Defendant alleges that the case is not even ripe because the plaintiffs did not appeal the denial of their 1987 variance request. The plaintiffs respond that the defendant misinterprets its own zoning ordinance because the making of pallets is *not* prohibited by the ordinance as it now stands. The plaintiffs did not then and do not now think that they needed to have the parcel rezoned. Thus, plaintiffs claim there was no rezoning process of which the plaintiffs must avail themselves before coming to federal court.

This last argument of plaintiffs forces a brief digression. The opinion of others as to whether or not the making of pallets on a tree farm is part of "farming" is not relevant. The question is what this ordinance means as it applies to plaintiffs' activities on their land and not whether others think it includes making pallets. Moreover, the incidental making of pallets may be totally different from the making of pallets as a manufacturing activity. Thus,

the meaning of the ordinance as to whether it permits plaintiffs' pallet-making operation or not, is not a question of other persons' opinions as to whether tree farming includes making pallets.

The plaintiffs make an interesting argument to avoid the taking claim's ripeness requirement. They distinguish the cases which established the ripeness requirement. *See* Plaintiff's Statement of Claims, at 2–4; Plaintiff's Supplemental Brief, at 3–4. Those cases, plaintiffs claim, involved zoning procedures initiated by the land owner; that is, the land owner sought to change the zoning, or sought a variance or other permit to use his property in some certain way. When that effort failed, the land owner was required to pursue a remedy in state forums before going to federal court to pursue a takings claim.

Here, however, the plaintiffs argue that the dispute was initiated by the Township. The plaintiffs were using their property in a manner they believed to be consistent with the Township's zoning ordinance. The Township took the first step by issuing a Notice of Violation threatening the plaintiffs with criminal prosecution if they continued their non-conforming use. According to the plaintiffs, this puts the case on an entirely different footing.

They rely upon *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "In these circumstances, it is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel, supra* at 459, 94 S.Ct. at 1216, 39 L.Ed.2d at 514. Since the Notice of Violation threatens criminal prosecution, the plaintiffs argue that their claim *is* ripe for federal adjudication. This argument is a traditional argument and is generally sound. One threatened by a criminal prosecution under an unconstitutional law or ordinance does have a claim ripe for federal adjudication. That, however, does not apply here.

In October, 1987, the plaintiffs sought a variance. Defendant's Motion to Dismiss, para. 4. They were denied, Exhibit 2 of Exhibits Accompanying Defendant's motion to Dismiss, and they failed to file an appeal within the 21 days required by Michigan Court Rule MCR 7.101(B)(1). Defendant's Motion to Dismiss, para. 7. Instead of pursuing the appeals process provided by the laws of the state of Michigan, the plaintiffs decided to ignore the Township's determinations. They placed *themselves* in jeopardy of prosecution. They continued to manufacture pallets until the Township enforced its interpretation of its zoning ordinance and served them with a Notice of Violation.

If the plaintiffs' argument is accepted, then, the ripeness requirement established in federal land use cases under the taking clause of the Fifth Amendment could be ignored. Any individual at the losing end of a zoning decision could ignore the adverse zoning decision until the municipality takes steps to enforce its ordinance. Then the land owner is placed in jeopardy, and earns entry into federal court to litigate a taking claim that would otherwise be blocked by the ripeness requirement. The Court refuses to adopt the plaintiffs' argument to permit the emasculation of the ripeness requirement's regulation of the flow of local land use disputes into federal courts.

In that regard, the Court is not aware of any constitutional right that guarantees tree farmers the right to build pallets on tree farms. The fact that the applicable ordinance can be construed to permit ancillary pallet making does not make a constitutional takings claim. The Township has told the plaintiffs its interpretation of its own ordinance. The fact that such an interpretation does not permit plaintiffs' pallet making operation does not set forth a takings claim. (An additional reference to this point is made hereafter.)

### IV.

For the same reasons, the plaintiffs' attempt to distinguish *Pearson, supra* fails. Plaintiff's Memorandum in Response to Defendant's Supplemental Brief, at 6–7. The plaintiffs cannot alter the fact that this is a "run-of-the-mill" local land use dispute by

ignoring the zoning determinations made by the Township. The plaintiffs appealed to the appropriate municipal authorities to obtain permission to use their property to construct pallets. The municipality turned down the request, and the plaintiffs failed to pursue their state law remedies. The fact that they decided to ignore the zoning determination until the municipality pursued enforcement by threatening criminal prosecution, instead of directly filing suit in federal court, does not change the footing of this case. They have failed to pursue state law remedies, and their claim is not ripe for adjudication in federal court.

■ The plaintiffs also argue against an application of *Pearson* to the facts of this case because of the factual context of this case. The defendant's briefs point out that the plaintiffs' taking claim is not ripe, and that the existence of reasonable alternative uses for the land means there has been no taking. Plaintiffs then respond that because their taking claim must fail, the taking claim does not offer a substitute for their substantive due process claim.

The Court rejects this argument as well. The plaintiffs' taking claim fails because the plaintiffs failed to act to fulfill the prerequisites to bringing such a claim. First of all, that is not distinguishable from the facts in *Pearson.* Had Spike Pearson not voluntarily dismissed his taking claim, the dismissal of his substantive due process claim would have left him with an under-ripe taking claim that also could not have provided him with relief in the factual context of his case.

Second, the Supreme Court in *Williamson, supra* made it clear that local land use claims should satisfy certain prerequisites. Land owners and developers should not be permitted to sidestep those requirements, and thereby clog the federal dockets with the kind of local land use disputes that the *Williamson* court sought to exclude. The plaintiffs fail to meet the ripeness prerequisites of a taking claim, and they cannot avoid those requirements by labelling the claim as a substantive due process claim.

## CONCLUSION

Therefore, the defendant's motion is granted, and the plaintiffs' Fourteenth Amendment substantive due process and Fifth Amendment taking claims are DISMISSED. The plaintiffs' Memorandum in Response to Defendant's Supplemental Brief correctly points out, however, that the defendant's motion does not consider Count V of the plaintiffs' claim, which alleges that the zoning ordinance is unconstitutionally vague. Count V remains, therefore, to be litigated.

SO ORDERED.